## Phillips, Appellant, *v.* Swartzlander.

*Wills—Construction—Devise—Boundaries.*

Testator owned in his lifetime a rectangular farm along the lines of which ran north and south. Before making his will he had conveyed to a third person a small lot of the land consisting of three acres in the form of a triangle one line of which corresponded to the western boundary line of the farm. This made an indention in the farm near its northern border. By his will he gave to his wife his farm "reserving forty rods off the western end of my farm . . . . the line to run parallel with the western boundary line of said farm." By a later clause he gave to his son "forty rods wide on the western end of my farm, said line to run parallel with the western boundary line." The widow claimed that the line should be run directly north and south forty rods from the western boundary and parallel to such boundary as it was originally before the conveyance of the three acre triangle. The son contended that the forty rods line should follow the indented boundary as it was at the time of testator's death. If his claim were sustained he would have had a largely increased acreage which would have cut the widow's share of the farm almost in two. *Held,* that the widow's contention was correct and that the forty rod line was intended to be a north and south line paralleling the original western boundary line of the farm.

Argued May 12, 1913. Appeal, No. 11, April T., 1913, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1911, No. 147, on nonsuit in case of Eli B. Phillips v. Levi Swartzlander and Anna Swartzlander. Before RICE, P. J., HENDERSON, MORRISON. ORLADY, HEAD and PORTER, JJ.    Affirmed.

Ejectment for land in West Franklin township. Before PATTON, P. J.

The facts are stated in the opinion of the Superior Court.

The plan on the following page shows the contention of the parties.

The broken line a. b. c. d. is the line which the plaintiff claimed was the proper line. The straight north and south line a. b. d. is the line claimed by the defendants.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*H. N. Snyder*, with him *S. B. Cochrane*, for appellant.

*Harry P. Boarts*, with him *Boyd Henry*, for appellees.

OPINION BY MORRISON, J., July 16, 1913:

This is an action of ejectment for a three-cornered piece of land which is part of a larger tract situated partly in East and partly in West Franklin townships, Armstrong county, Pennsylvania. This land was owned in his lifetime by James McDowell, who, by his last will and testament, declared as follows: "I give, devise and bequeath unto my beloved wife Mary, all my property, real, personal and mixed, of what nature or kind soever and wheresoever the same shall be at the time of my death, so long as she remains my widow or during her natural life. Reserving forty rods off the western end of my farm situate in township, county and state aforesaid, the line to run parallel with the western boundary line of said farm, to be disposed of as hereinafter mentioned. . . . Secondly, I give and devise to my son James C. forty rods wide off the western end of my farm situated in West Franklin Township, county and state aforesaid, said line to run parallel with the western boundary line."

The original western boundary line of McDowell's farm ran north and south. On July 27, 1865, many years before he made his will, James McDowell conveyed to John Severline three acres and 140 perches out of the western end of his farm. This piece conveyed to Severline was in the form of a triangle, the base of which is in the original western line of the farm, that side of the triangle being 700 feet in length, the point of the triangle extending out into the balance of the farm.

The dispute giving rise to the present suit is whether

or not the line of the land given to his son James C. Mc-
Dowell by the testator shall run parallel with the original
western boundary line of the farm or shall it take notice
of the three-cornered piece and not only run parallel with
the original western boundary line of the farm but parallel
with two of the sides of.the three-cornered piece at a dis-
tance of forty rods from each of said lines. This action of
ejectment was brought to recover possession of another
three-cornered piece containing a much larger quantity of
land which would be formed by running the lines as con-
tended for by the plaintiff.

At the trial, when the plaintiff rested his case, the
learned trial judge granted a compulsory nonsuit and
subsequently the court refused to take it off, to which
judgment the plaintiff excepted and appealed. In the
opinion of PATTON, P. J., in refusing to take off the com-
pulsory nonsuit, we find the following:

"The contention of the defendant in this case, is that
when testator said that he gave to his son James C. forty
rods off the Western end of his farm, the line to run
parallel with boundary of the farm; that meant a straight
line parallel with the Western boundary of the farm.
That is the construction we hold this will should have,
because that would give the son a piece forty rods wide
off the Western end of the farm.

"The contention of the plaintiff is that the wording
of the will means that the line was to be run part of the
distance at a straight line, parallel with the western line
of the farm, and then south-west and then north-west,
and then in a straight line, again parallel to the western
line of the farm. That would make the line run in three
different directions, and its effect would be, that the forty
acres would not come off the western end of the farm, but
would be projected within two or three hundred feet of
the eastern part of the farm or eastern boundary.

"Another reason why we do not think the contention of
the plaintiffs can be sustained, is that under their deed
they are entitled to forty acres of land, while if their con-

struction of the will is correct they would have some fifty-eight acres.

"Taking the will as a whole, it seems to us that when old Mr. McDowell wrote this will, he was speaking of his farm as a whole, as it was before he sold the part to Severline."

We desire to add to what has been so well said by the learned court below the following: In the devise to his wife McDowell says: "Reserving forty rods off the western end of my farm situate in township, county and state aforesaid, the line to run parallel with the western boundary line of said farm. . . ." Now said forty rods was reserved for his son James C. and in the item of his will describing that piece of land, he says: "forty rods wide off the western end of my farm situate in West Franklin township, county and state aforesaid, said line to run parallel with the western boundary line." Here the testator varied the language slightly and did not say "the western boundary line of said farm" as he did in the reservation in the item of his will devising to his wife. In our opinion, a reasonable construction of the language used in the will, referring to this forty rod strip of land and its boundary, clearly indicates that the testator had in mind that the line was to run parallel with the original western boundary line of his farm. We discover nothing in the will to warrant a construction which would not only carry the boundary line of the land of James C. McDowell almost to the eastern boundary line of the farm, but would also have the effect of cutting the eastern portion of the farm almost in two, and in view of the fact that the testator made his wife, Mary, his chief beneficiary, no such construction should be given his will as would cut her portion of the farm in two with this triangular piece of land claimed in this ejectment, and also give to the James C. McDowell piece a large surplus of land. We do not think a proper construction of the will leads, necessarily, to any such conclusion.

We all think that the learned court below did not err in refusing to take off the compulsory nonsuit.

The judgment is affirmed, at the costs of appellant.